UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In Re:

        PAMELA MINER                                  CHAPTER 13
                                                           Case No.: 14-12731

                                   Debtors.                HON. ROBERT E. LITTLEFIELD, JR.
-----------------------------------------------------------------

PAMELA MINER, ANDREA E. CELLI, Esq.         ADVERSARY COMPLAINT
as Chapter 13 Standing Trustee,
                                  Plaintiff(s),

v.                                                               Adversary No.

THE CITY OF TROY, and
PONTOS PROPERTIES, LLC.

                                  Defendants.
-----------------------------------------------------------------

       PAMELA MINER, by and through her attorneys the Barbaruolo Law Firm, P.C., and by Andrea E. Celli, Esq. as Chapter 13 Standing Trustee, as for support for this Adversary Complaint to declare a certain transaction a fraudulent pursuant to 11 U.S.C. § 548 hereby respectfully states:

1. The Plaintiff, Pamela Miner, is the Debtor in the above-referenced case, and Plaintiff Andrea E. Celli, Esq. is the Chapter 13 Standing trustee assigned to this matter.

2. The Debtor commenced the above-referenced Chapter 13 proceeding by filing a petition and a proposed plan on December 12, 2014.

3. Debtor's proposed plan requires Debtor to make monthly payments of $430.00 per month for sixty (60) months, with a dividend to unsecured

creditors of 0%. Debtor has funded a total of $1,400 to the Trustee to date. Debtor ensures payment of her plan payments via a wage order.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157 and 1334. This adversary proceeding arises as it relates to the above bankruptcy case under Chapter 13 now pending before this Court.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) in that the instant adversary proceeding is related to the above case under Title 11 of the United States Code.

6. This is a core proceeding under 28 U.S.C. § 157.

7. Defendant, the City of Troy, is a municipal corporation of the State of New York (hereinafter, "Troy") and is the responsible municipality attempting to foreclose on the Debtor's real property commonly known as 760 Pawling Avenue (hereinafter, "the Property") located within Troy.

8. Upon information and belief, Defendant, Pontos Properties, LLC, a domestic limited liability company, (hereinafter, "Pontos") is listed as a party to this adversary proceeding by virtue of its proposed offer to purchase the Property from Defendant Troy.

9. Prior to the date of filing, Debtor owed Troy the approximate sum of $20,188.98 for unpaid real property taxes, fees and costs.

10. The taxes that were due and owing became a lien against the Property by operation of state law.

11. Debtor's petition properly notices the City of Troy; her plan of reorganization sets forth a viable and specific mechanism to completely repay the taxes owed to the City.

12. Troy has executed a deed as part of an *in rem* proceeding.

13. Upon information and belief, Troy recorded its deed in the Rensselaer County Clerk's Office.

14. Troy transferred title to the Property to itself by virtue of the *in rem* foreclosure procedure utilized herein.

15. The value of the real property transferred by *in rem* deed was approximately $70,984.00 at the time of filing. Said value was obtained via Eppraisal.com dated December 11, 2014. See Exhibit "A" attached.

16. Upon information and belief, Defendant Pontos bid $5,200.00 to purchase the Property, and Defendant Troy did approve the acceptance of said bid on or about March 12, 2015. See Exhibit "B" attached.

17. Upon information and belief, on or about April 2, 2015, the Troy City Council on behalf of Troy, approved the transfer of the Property to Defendant Pontos.

18. The transfer of the Property has not occurred and there is no sale date set yet for said transfer.

19. There are no liens against the subject real property other than the unpaid real property taxes owed to Troy in the amount of $21,188.98.

20. Upon information and belief, the *in rem* foreclosure sale occurred without competitive bidding.

21. *In rem* foreclosure sales that occur without a public sale at a public place with adequate notice and competitive bidding *commonly referred to as "strict foreclosure sales") are not protected from subsequent review by the Bankruptcy Court as an avoidable fraudulent conveyance as the foreclosure method does not meet the test for such a protection from a subsequent review as set forth in B.F.P. v. Resolution Trust Corp., 511 U.S. 531, 114 S.C.T. 1757 (1994).

22. *In rem* strict foreclosure sales by the method utilized by Troy are voidable by the Bankruptcy Court as a fraudulent conveyance if the Debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such transfer was made…" 11 U.S.C. §§ 548(a)(1)(B)(i) and (ii).

23. The Property is Debtor's homestead and most significant asset.

24. If Defendant Troy is allowed to transfer the Property to Defendant Pontos, then Pontos will be receiving a windfall of approximately $65,000.00; additionally, if Debtor is allowed to repay Troy through the Plan as proposed Troy's claim Troy will then receive a much greater dividend as compared to a sale to Pontos.

25. Accordingly, said transfer is fraudulent as to the Trustee and may be voided by her pursuant to 11 U.S.C. § 541.

26. The Debtor seeks entry of an Order rescinding the *in rem* deed transferring title to the Property back to Debtor pursuant to 11 U.S.C. § 548.

WHEREFORE, the Plaintiffs respectfully request that the Court issue an Order avoiding the transfer of the Property into Troy, ordering Troy to turn over the Property to the Debtor, along with any such other and further relief as the Court deems just and proper.

Dated: April 17, 2015

_____
Paula M. Barbaruolo, Esq.
Bar Roll #: 506242
BARBARUOLO LAW FIRM, P.C.
12 Cornell Road
Latham, NY 12110
(518) 782-9100

Dated: April 17, 2015

_____
Andrea E. Celli, Esq.
Chapter 13 Standing Trustee